IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONALD WARREN HUFFMAN,

    Petitioner,

    v.

WARDEN, ROSS CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:21-CV-3428
JUDGE SARAH D. MORRISON
Magistrate Judge Chelsey M. Vascura

### REPORT AND RECOMMENDATION

Donald Warren Huffman, a state prisoner who is proceeding without counsel, brings this action, styled as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges. This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." If it does so appear, the petition must be dismissed. *Id*. For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** to Petitioner filing a new action raising his claims by way of filing a civil complaint and either paying the $402 filing fee or filing an application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915.

Although Petitioner filed this action as a Habeas Corpus Petition and paid the $5.00 filing fee applicable to such petitions, review of his filing makes clear that he has not filed a habeas petition, but rather, a civil complaint (the filing fee for civil complaints is $402). Petitioner

alleges that he has been wrongfully found guilty of violating prison rules and unconstitutionally placed in restrictive housing with violent offenders, in violation of the Due Process Clause of the United States Constitution.  These allegations do not provide a basis for federal habeas corpus relief.

The scope of habeas corpus is prescribed by statute, specifically 28 U.S.C. § 2241.  The United States Supreme Court described the scope and nature of habeas corpus as follows:  "It is clear, not only from the language of [§§ 2241(c)(3) and 2254(a)], but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").  Constitutional claims challenging the conditions of a prisoner's confinement fall outside of habeas corpus relief and may be brought in an action under 42 U.S.C. § 1983.  *Hernandez-Pineda v. Lappin*, No. 4:11CV1377, 2011 WL 6318514, at *2 (N.D. Ohio Dec. 16, 2011) (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004)).

Here, Petitioner does not identify or challenge the basis of his underlying state criminal conviction and does not seek release from incarceration as unconstitutionally imposed.  Rather, Plaintiff's filing makes clear that he seeks to advance claims under 42 U.S.C. § 1983 arising from the change in his security level and placement in restricted housing.

Because this action does not present a viable claim for consideration in habeas corpus, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** to Petitioner

filing a new action raising these § 1983 claims by way of filing a civil complaint and either paying the $402 filing fee or filing an application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915.

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE